CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 12 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| VINCENT MCKINLEY BROWN, | ) | Civil Action No. 7:10-cv-00068 |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | By: Hon. Jackson L. Kiser |
| NOTTOWAY CORR. CTR., et al., | ) | Senior United States District Judge |
| Respondents. | ) | |

Vincent McKinley Brown, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement under the October 1, 2008, judgment of the Circuit Court for the City of Waynesboro, convicting him of breaking and entering, malicious wounding, and possession of a firearm by a felon. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him/her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the

circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §§ 8.01-654(A)(1); 17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his/her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. A petitioner can not have exhausted state if a petitioner has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

In this case, the petition clearly shows that petitioner has not yet presented claims to the Supreme Court of Virginia as required. Petitioner acknowledges in his petition that he exhausted his direct appeals and filed a state habeas petition. A review of the applicable state court records shows petitioner filed a petition for a writ of habeas corpus with the Circuit Court for the City of Waynesboro and has not yet presented his claims to the highest state court.

Petitioner's direct appeal to the Supreme Court of Virginia concerned his presentence report calculation.[1] The only claim presented in this petition possibly related to that claim is a coerced guilty plea.[2] If petitioner exhausted direct review of the same claim, however described in the instant petition, petitioner filed a "mixed petition" that includes claims that have and have not yet been presented to the highest state court. State court records indicate that petitioner filed his state habeas

---

[1] Petitioner described this claim as "presentence report of time to serve. Did not plead guilty for previous events that prosecuting attorney brought into court." (Pet. 2.)

[2] Petitioner describes this claim as "guilty plea entered April 15, 2000 on sentencing guidelines recommended 6 yr 11 mo to approx[imately] 15 years" and also states his attorney "requested 6 yr. 11 mo. in accord with guidelines and offered to me. Prosecutor said if I did not plead guitly there would be a jury trial and he would go for life sentence. That is why I entered [a] guilty plea." (Pet. 5.)

petition within ninety days of the Supreme Court of Virginia's dismissal of his direct appeal. Therefore, it appears that less than two months have passed since the circuit court dismissed petitioner's state habeas petition.

"Staying a [mixed] federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines v. Weber, 544 U.S. 269, 277 (2005). It is not apparent from the petition that he already presented the same claim to the Supreme Court of Virginia, petitioner does not indicate any good cause for his failure to exhaust his state court remedies, and petitioner may still file a habeas petition within one year from the expiration of time to file a petition for a writ of certiorari to the United States Supreme Court following the Supreme Court of Virginia's denial of his direct appeal. Accordingly, I decline to stay these proceedings and dismiss the petition without prejudice for petitioner's failure to exhaust the state remedies.[3] Based upon the finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and order to petitioner.

---

[3] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2). Petitioner may also refile a second federal habeas petition for me to consider a stay and abeyance if the statute of limitations is close to expiring, a habeas petition or appeal is pending in the Supreme Court of Virginia, and petitioner can explain good cause to excuse his failure to exhaust his claims in state court. Petitioner may also re-file a federal habeas petition that does not include any unexhausted claims, assuming that petitioner can actually establish that any remaining claim was already presented to the Supreme Court of Virginia.

3

ENTER: This 12th day of February, 2010.

                                                /s/ Jackson L. Kiser
                                                ~~Senior~~ United States District Judge